**ORIGINAL**

LERACH COUGHLIN STOIA
& ROBBINS LLP
KAREN T. ROGERS (185465)
355 South Grand Avenue
Suite 4170
Los Angeles, CA 90071
Telephone: 213/617-9007
213/617-9185 (fax)
 – and –
WILLIAM S. LERACH (68581)
JOY ANN BULL (138009)
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

CAULEY, BOWMAN, CARNEY
& WILLIAMS, LLP
S. GENE CAULEY
P.O. Box 25438
Little Rock, AR 72221-5438
Telephone: 501/312-8500
501/312-8505 (fax)

SCHIFFRIN & BARROWAY, LLP
ANDREW L. BARROWAY
DAVID KESSLER
MICHAEL K. YARNOFF
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone: 610/667-7706
610/667-7056 (fax)

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

In re ACCELERATED NETWORKS, ) Master File No.
INC. SECURITIES LITIGATION ) CV-01-3585-SJO(MANx)
)
) CLASS ACTION
)
This Document Relates To: ) [PROPOSED] FINAL JUDGMENT
) AND ORDER OF DISMISSAL WITH
01-03585-SJO(MANx) ) PREJUDICE
01-03709-SJO(MANx) )
01-3769-SJO(MANx) ) DATE: June 28, 2004
01-03844-SJO(MANx) ) TIME: 10:00 a.m.
01-04059-SJO(MANx) ) COURTROOM: The Honorable
01-04128-SJO(MANx) ) S. James Otero
01-04209-SJO(MANx) )
)

1  This matter came before the Court for hearing pursuant to the Order of this
2  Court, dated April 19, 2004, on the application of the Parties for approval of the
3  Settlement set forth in the Stipulation of Settlement dated as of February 13, 2004 (the
4  "Stipulation"). Due and adequate notice having been given to the Settlement Class as
5  required in said Order, and the Court having considered all papers filed and
6  proceedings had herein and otherwise being fully informed in the premises and good
7  cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND
8  DECREED that:

9  1.  This Judgment incorporates by reference the definitions in the
10 Stipulation, and all terms used herein shall have the same meanings as set forth in the
11 Stipulation.

12 2.  This Court has jurisdiction over the subject matter of the Action and over
13 all parties to the Action, including all Settlement Class Members.

14 3.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby
15 approves the Settlement set forth in the Stipulation and finds that said Settlement is, in
16 all respects, fair, just, reasonable and adequate to the Settlement Class.

17 4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court
18 hereby certifies, for purposes of effectuating this settlement, a Settlement Class of all
19 Persons or entities, excluding the Defendants, members of the immediate family of
20 each of the Individual Defendants, any entity in which any Defendant has a
21 controlling interest and the legal representatives, officers, directors, heirs, successors
22 or assigns of any excluded party, who purchased Accelerated common stock during
23 the period beginning on June 23, 2000 through and including April 17, 2001. Also
24 excluded from the Settlement Class are those Persons who submit a Request for
25 Exclusion pursuant to the Notice of Pendency and Proposed Settlement of Class
26 Action sent to the Settlement Class.

27 5.  With respect to the Settlement Class, this Court finds for purposes of
28 effectuating this settlement that (a) the Members of the Settlement Class are so

- 1 -

numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Plaintiffs' Settlement Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The Court finds that the Stipulation and Settlement contained therein is fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and Settlement contained therein is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

1     9.    All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

10.    Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel for the Lead Plaintiffs from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

11.    The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12.    Any Plan of Allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim

1  based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and reimbursement of expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 6/28/04

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

S:\Settlement\Accelerated.set\JGT00010079.doc

<u>Request for Exclusion</u>

JUN 0 8 2004

CLAIMS CENTER 04

Dear Sirs:

Thanks for sending Notice of Class Action, but I wish to be EXCLUDED from the Settlement class action against Accelerated Networks Inc. Securities Litigation under the Master file # CV-01-3585-SJO (MANx).

Following is my personal information + Transaction info. as requested per item 2 of Sec. VII of subject notice.

Name: JAMES L. SHIAO  &
      MAY-YUN H. SHIAO

Address: 15647 Tetley street
         Hacienda Heights, CA 91745

Phone #: 626-369-1737

QTY.: 200 shares of Accelerated common stock
Date purchased: 7-27-00
Cost Price: @ 21.50 per share
Date sold: 9-5-2000
Sale Price: @ 28.43 per share

Hoping the above info. would be helpful.

Sincerely,

James L. Shiao

Exhibit 1

5




Accelerated Networks Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
Post Office Box 8040
San Rafael, CA 94912-8040

RECEIVED MRM
JUN 0 8 2004
CLAIMS CENTER

CLT1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2. That on June 11, 2004, declarant served the **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of June, 2004, at San Diego, California.

_____
YVETTE D. GRAY

7

ACCELERATED NETWORKS (LEAD)

Service List - 6/11/2004  (201-117)

Page 1 of 1

**Counsel For Defendant(s)**

James N. Kramer *
Michelle P. Hudson
Alice L. Jensen
Clifford Chance US LLP
One Market Plaza, Steuart Street Tower
San Francisco, CA  94105
   415/778-4700
   415/778-4701(Fax)


**Counsel For Plaintiff(s)**

S. Gene Cauley
Curtis L. Bowman
Cauley Bowman Carney & Williams, LLP
P.O. Box 25438
Little Rock, AR  72221-5438
   501/312-8500
   501/312-8505(Fax)

Wendy W. Huang
Law Offices of Wendy W. Huang
7 Corporate Plaza
Newport Beach, CA  92260
   949/719-7211
   949/719-7210(Fax)

William S. Lerach
Lerach Coughlin Stoia & Robbins LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
   619/231-1058
   619/231-7423(Fax)

Karen T. Rogers
Lerach Coughlin Stoia & Robbins LLP
355 South Grand Avenue, Suite 4170
Los Angeles, CA  90071
   213/617-9007
   213/617-9185(Fax)

Andrew L. Barroway
David Kessler
Michael K. Yarnoff
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
   610/667-7706
   610/667-7056(Fax)


\* Denotes Service Via Federal Express

8